Mr. Justice Thachee
delivered the opinion of the court.
This was an action of assumpsit instituted by Burke against Anderson, in the circuit court of Franklin county, to recover the value of one year’s wages as the overseer of a plant *477 ation. Anderson pleaded the general issue, with a notice that he would set off against the account sued upon, the value of a slave alleged to have been killed by Burke during the time that he was engaged as overseer, and also two special pleas, to all of which the plaintiff below replied, and joined an issue. Anderson likewise filed a special plea of set off to the first special count of the declaration. This plea sets up an indebtedness of the plaintiff below to the defendant there, and a promise to pay him one thousand dollars in consideration of the death of defendant’s slave, caused by the plaintiff. A demurrer to this plea was sustained by the court below, and the defendant answering no farther, a trial was had, and a verdict and judgment rendered for the plaintiff below. The judgment of the court in sustaining the demurrer is claimed for error here.
In the case of Houston v. Smith, 2 S. & M. 597, this court held that a special plea of set off in an action of assumpsit, may properly be treated as a nullity. But although the plea be a nullity, after it has been made the subject of a demurrer, and the demurrer is permitted to stand, the plea cannot after-wards be treated as a nullity. Walker v. Walker, 6 H. 500; Marlow v. Hamer et al. Ibid. 189. Yet, notwithstanding, a plea which is a nullity, if met by a demurrer, can no longer be treated as a nullity so as to permit the demurrer to pass unanswered and undisposed of, yet it may be considered in that light in passing upon a demurrer filed to it, and it being such a defence, as from its intrinsic nature, a judgment according to law cannot be given sustaining such a plea; a demurrer to it will therefore be sustained, although the plea be technically correctly pleaded. H. & H. 615, § 6.
Judgment affirmed.